UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL SHELTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK J. MULLIGAN, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02555-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO AMEND THE JUDGMENT**<br><br>Docket No. 36 |

　　　　Plaintiff Carl Shelton ("Plaintiff") filed this action on June 9, 2015, claiming, *inter alia*, that Defendants conspired to violate his civil rights. *See* Docket No. 1 ("Complaint"). Plaintiff subsequently voluntarily dismissed this action, which this Court granted without prejudice on May 2, 2016. *See* Docket Nos. 34, 35. On May 27, 2016, Defendants moved for an order amending the judgment, contending the dismissal should be with prejudice. *See* Docket No. 36 ("Motion"). They do so because Plaintiff previously filed and then dismissed a similar suit. Because the Court lacks jurisdiction to modify the dismissal, the Court **DENIES** Defendants' Motion.

## I.　BACKGROUND

　　　　Plaintiff was a member of a class action which sued Eli Lilly, alleging he "had contracted sugar diabetes from Zyprexa." Compl. ¶ 2. Plaintiff contends he submitted the necessary paperwork to receive his award, and also applied for additional relief from an Extraordinary Injury Fund. Id. ¶¶ 15-16. He received a check for $2,800 as his settlement award, but did not receive a distribution from the Extraordinary Injury Fund. *Id*. ¶¶ 20-21. He received a second check for $179 of interest owed. *Id*. ¶ 26. He has never been informed of the status of his application for a distribution from the Extraordinary Injury Fund. *Id*. ¶ 43.

　　　　Plaintiff first sued Defendants in 2014. *See Shelton v. Mulligan*, No. 14-cv-4267 (N.D.

1   Cal. filed Sept. 22, 2014) ("First Action"). As in the case at bar, Plaintiff alleged that he had
2   wrongfully been deprived of an additional award from the Extraordinary Injury Fund. *See*
3   Amended Compl. at 5 *Shelton v. Mulligan*, No. 14-cv-4267 (N.D. Cal. Nov. 21, 2014), ECF No. 5.
4   Plaintiff voluntarily dismissed that lawsuit on February 27, 2015. *See Shelton v. Mulligan*, No.
5   14-cv-4267 (N.D. Cal. March 3, 2015) (order granting voluntary dismissal).

## II.   DISCUSSION

Defendants moved for an order amending the dismissal without prejudice, asking that it be converted to a dismissal with prejudice, under Federal Rules of Civil Procedure 59(e) and 60(a) (allowing amendment of a judgment and relief from a judgment, respectively). Mot. at 3. Rule 59(e) provides that a motion to alter a judgment must be brought within 28 days. Because the dismissal was granted on May 2, 2016, and they filed their request 25 days later on May 27, 2016, Defendants complied with this limitation. Rule 60(a) allows a Court to correct a mistake in the judgment. Defendants contend that it was a mistake for the Court to enter Plaintiff's dismissal without prejudice rather than with prejudice.

The Court has no jurisdiction to act on Defendants' motion. In *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074 (9th Cir. 1999), the plaintiff filed a stipulation of dismissal in the first action, and a notice of dismissal in the second. *Id*. at 1076. The defendants moved under Rule 59(e) to convert the second dismissal from being "without prejudice" to "with prejudice." *Id*. The Ninth Circuit held that

> [O]nce a notice of voluntary dismissal is filed, the district court . . . loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal. Nor may it rule at the defendant's request on whether the plaintiff's notice of dismissal in a second action is with or without prejudice."

*Id*.; *accord Saldana v. Lewis*, 597 F. App'x 436 (9th Cir. 2015) ("A voluntary dismissal terminates the action immediately, leaving nothing more for the district court to do."). Because the Court's jurisdiction ended when Plaintiff filed his voluntary dismissal, the Court cannot grant Defendants' Motion.

Though Defendants worry that Plaintiff tends to file suits and abandon them once Defendants have incurred costs, *see* Mot. at 4, they are not without recourse. The Ninth Circuit

provided that this issue "becomes ripe . . . in a third action, if and when one is filed." *Commercial Space Mgmt.*, 193 F.3d at 1076; *see also Abrahams v. Hard Drive Prods., Inc.*, No. C-12-01006 JCS, 2012 WL 5499853, at *2 (N.D. Cal. Nov. 13, 2012) ("the two dismissal-rule may only be invoked in a third action brought by the plaintiff in the previous actions"). Thus, Defendants may raise the two-dismissal rule in any third action because the second dismissal, even if labeled by the plaintiff as one without prejudice, operates as an adjudication on the merits. *See* Fed. R. Civ. Proc. 41(a)(1)(B) ("if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." ).

This order disposes of Docket No. 36.

**IT IS SO ORDERED**.

Dated: August 26, 2016

_____
EDWARD M. CHEN
United States District Judge